Per Curiam.

Butler was sued on his official bond as sheriff for a failure to discharge his duty in this; an execution came into his hands, which was levied on land and also on personal *56 property. The property was appr.aised at the request of the defendant in execution, at more than' sufficient to satisfy the execution. The land was offered for sale, and failing to bring two thirds of its value was not sold, and the personal property was delivered back to defendant in execution. The case turns mainly on the pleadings, but none of the special pleas set up a good excuse. The return on the execution showed a levy on personal property, and it was the duty of the sheriff to have sold the property, unless he had some legal excuse for his failure', and it devolved on him to show his excuse. The mere circumstance, that he had levied on land, more than sufficient in value to satisfy the debt, will not do; this might have been a sufficient excuse for a failure to make a further levy, but having seized property, it was his duty to dispose of it legally. A levy when made, must be legally disposed of. The plaintiff in execution has a right to have it sold, unless there be some sufficient reason in law why it should not be sold, and none such has been set up in the pleadings.
Judgment affirmed.